## SMITH v. CUNNINGHAM.

PRACTICE.—Where the record on appeal to this Court fails to set forth the evidence, this Court will presume that the rulings of the inferior Court were correct.

APPEAL from the *Morgan* Common Pleas.

*Per Curiam.*—This was a suit for rescission of articles of apprenticeship, on account of misconduct on the part of the master. The statute is as follows:

"SEC. 11. The Court having probate jurisdiction in any county where such master or mistress resides, shall have power, on complaint in writing, of any party to such inden-

ture, or of any person on behalf of such apprentice, to annul such indenture, for misconduct on the part of such master or mistress, or such apprentice; such notice being given to the parties as such Court may order; and if such indenture shall be annulled, for misconduct on the part of the master or mistress, such Court shall render judgment in favor of such apprentice for such sum of money as may seem just; which judgment may be given in evidence in mitigation of damages in any other suit on such indenture, but shall not be a bar thereto." 1 G. & H. p. 432.

The master answered setting up a claim for keeping the apprentice.

He had had him seven years, between the ages of a fraction under four years to a fraction under eleven years of age.

The Court annulled the articles of apprenticeship on account of the bad character of the master, but sustained a demurrer to his claim for pay for keeping the apprentice.

As the evidence is not in the record we presume the judgment annulling the indentures was right.

The ruling upon the demurrer was right for, perhaps, four reasons:

1. The statute does not give the master any such allowance as claimed.

2. It was the defendant's own fault that he became in character unfit to retain his apprentice; and it is, perhaps, presumable the damage occasioned thereby to the apprentice was greater than the cost of his keeping.

3. A healthy, stout boy may, perhaps, be made to earn his living between the ages named, averaging the whole period.

4. The pleading does not show what expense the master incurred for the boy, that is, what he furnished him, &c., nor what service the boy rendered him, so that the Court can

judge between the value of his services and the expense of his keeping.

*Jas. S. Hester*, *F. P. A. Phelps* and *B. K. Elliott*, for the appellee.